IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02439-BNB

RICHARD S. JONES,

    Plaintiff,

v.

JOSEPH WHITE (CPO), Division of Adult Parole,
JENNIFER COVILLO (CPO), Division of Adult Parole,
JOHN SUTHERS, Attorney General, State of Colorado,
JUDGE VALERIA N. SPENCER, 18th Judicial Dist., and
JUDGE MICHAEL J. SPEAR, 18th Judicial Dist.,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Richard S. Jones, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Jones has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.

    The Court must construe the Prisoner Complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id*.  For the reasons stated below, the Court will dismiss the action.

Mr. Jones asserts claims in the Prisoner Complaint that challenge the validity of his state court criminal conviction and sentence.  The named Defendants include two parole officers who monitored Mr. Jones while he was on parole from 2001-2003 and failed to discharge his parole; the Colorado Attorney General, who allegedly failed to investigate properly the claims Mr. Jones raised in a state habeas petition filed in 2007; and two state court judges who ruled against Mr. Jones in one or more state court cases.  As relief Mr. Jones seeks a declaration that his rights have been violated, to be exonerated in case number 08CR463, immediate release, and damages.

Mr. Jones may not pursue his claims either to be released from custody or to be exonerated in a state court criminal case in this action pursuant to 42 U.S.C. § 1983 because his sole federal remedy is a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").  The Court will not construe the instant action as a habeas corpus action because Mr. Jones has not named a proper Respondent and fails to provide specific factual allegations in support of any habeas corpus claims.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (noting that the pleading rules in a habeas action are more demanding than Fed. R. Civ. P. 8(a)).

To the extent Mr. Jones is not seeking habeas relief, which would include his

claims for damages, those claims may be asserted in a § 1983 action. However, they may not be asserted at this time because the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Jones' claims in the Prisoner Complaint implicate the validity of his state court criminal conviction and sentence. Mr. Jones has not invalidated the criminal conviction and sentence he is challenging in this action. Therefore, the Court finds that Mr. Jones' § 1983 claims are barred by the rule in *Heck* and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983 and the § 1983 claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  23rd  day of      September      , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court